1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable Benjamin H. Settle

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

AUTOBIDMASTER, LLC, an Oregon
limited liability corporation,

      PLAINTIFF,

v.

ALEKSANDR TEMNIKOV, an individual,
ANTON MARTYSHENKO, an individual,
DENYS PARKHOMENKO, an individual,
and SERGII MARCHUK, an individual,

      DEFENDANTS.

No. 3:20-cv-06181

DEFENDANTS' MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION AND
FOR *FORUM NON CONVENIENS*

NOTE ON MOTION CALENDAR:
FRIDAY, JANUARY 8, 2021

---

IMMIX LAW GROUP PC
By:  Dayna J. Christian WA Bar No. 32459
600 NW Naito Parkway, Suite G
Portland, Oregon 97209
Phone: (503) 802-5533
Email: Dana.Christian@ImmixLaw.com

*Attorneys for Plaintiff AutoBidMaster*

MADE LAW, PLLC
By:  Kristina D. Maritczak WA Bar No. 37754
2310 A Street
Tacoma, Washington 98402-2912
Phone: (253) 212-1917
Email: Kristina@Made-Law.com

*Co-Counsel for Defendants*

HOWARD & HOWARD ATTORNEYS PLLC
By:  Jon R. Steiger (MI Bar No. P35505,
      CA Bar No. 229814)
450 West Fourth Street
Royal Oak, Michigan 48067-2557
Phone: (248) 645-1483
Email: JRS@H2Law.com

*Co-Counsel for Defendants*

---

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.     INTRODUCTION ........................................................................................................ 1

II.    THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS
       BECAUSE THE FORUM SELECTION CLAUSES IN THEIR INDEPENDENT
       CONTRACTOR AGREEMENTS ARE UNENFORCEABLE ...................................... 2

       A.     Brief Recitation of Relevant Facts ................................................................. 2

       B.     Applicable Law ................................................................................................ 3

       C.     The Forum Selection Clauses are Unenforceable, and, therefore, This
              Court Lacks Personal Jurisdiction Over Defendants .................................... 4

              1.     The forum selection clauses in the parties' Contracts are
                     overreaching ....................................................................................... 4

              2.     The forum selection clauses deprive Defendants their day in
                     court ...................................................................................................... 5

              3.     The forum selection clauses violate public policy ............................ 6

              4.     The forum selection clauses, which are contained in
                     employment agreements, do not meet the heightened scrutiny
                     given to forum selection clauses contained in employment
                     contracts ............................................................................................... 6

III.   EVEN IF THE FORUM SELECTION CLAUSE WAS VALID, WHICH IT IS
       NOT, THIS CASE SHOULD BE DISMISSED BECAUSE THERE EXISTS A
       MUCH MORE APPROPRIATE JUDICIAL FORUM .................................................. 9

       A.     Applicable Law ................................................................................................ 9

       B.     This Case Should Be Dismissed Because It Belongs in Kyiv,
              Ukraine ............................................................................................................ 10

              1.     The private interest factors weigh in favor of dismissal ................. 11

              2.     The public interest factors weigh in favor of dismissal ................. 13

IV.    CONCLUSION ........................................................................................................... 14

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**

3

*Boston Telecomms. Grp. Inc. v. Wood*,
    588 F.3d 1201 (9th Cir. 2009) .............................................................. 9, 13

4

5

*Dole Food Co. Inc. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002) .................................................................... 9

6

7

*Fin. Cas. & Sur., Inc. v. Parker*,
    No. CIV.A. H-14-0360, 2014 WL 2515136 (S.D. Tex. June 4, 2014).............. 10, 11

8

9

*GDG Acquisitions, LLC v. Gov't of Belize*,
    749 F.3d 1024 (11th Cir. 2014) ............................................................... 10

10

11

*Grange Ins. Ass'n v. State*,
    110 Wn.2d 752 (1988) ............................................................................. 8

12

13

*Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG*,
    No. 2:13-CV-02311-RSM, 2014 WL 7338739 (W.D. Wash. Dec. 19,
    2014), *aff'd*, 696 F. App'x 837 (9th Cir. 2017) ................................. 9, 10, 11

14

15

*Lueck v. Sundstrand Corp.*,
    236 F.3d 1137 (9th Cir. 2001) ................................................................... 9

16

17

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972) ..................................................................................... 3

18

19

*Murphy v. Schneider Nat'l, Inc.*,
    362 F.3d 1133 (9th Cir. 2004) ......................................................... 3, 4, 6

20

21

*Networld Commc'ns, Corp. v. Croatia Airlines, D.D.*,
    No. CIV.A. 13-4770 SDW, 2014 WL 4724625 (D.N.J. Sept. 23, 2014) ........... 10, 11

22

23

*RELCO Locomotives, Inc. v. AllRail, Inc.*,
    2014 WL 1047153 (S.D. Iowa 2014).................................................... 10, 11

24

25

*Residential Fin. Corp. v. Jacobs*,
    2014 WL 1233089 (S.D. Ohio 2014)................................................... 10, 11

26

27

*Spralin v. Lear Siegler Mgmt. Servs. Co.*,
    926 F.2d 865 (9th Cir. 1991) ............................................................. 3, 6

28

*State v. LG Elecs., Inc.*,
    186 Wn.2d 169 (2016) ............................................................................. 8

MOTION TO DISMISS       TABLE OF AUTHORITIES       **Howard & Howard Attorneys, PLLC**
450 West Fourth Street, (248) 645-1483

1

2

## I.   __INTRODUCTION__

This is a breach of contract case.  Plaintiff alleges Defendants, Aleksandr Temnikov, Anton Martyshenko, Denys Parkhomenko, and Sergii Marchuk (collectively, "Defendants"), breached their Independent Contractor Agreements (IACs) and Non-Disclosure Agreements (NDAs) (collectively, the "Contracts") signed in their course of employment for Plaintiff in the Ukraine.  Defendants are individuals of limited means who reside in the Ukraine, and they all worked for Plaintiff exclusively in the Ukraine.  Plaintiff is a large multinational company with an office in the Ukraine (which is the only place where Defendants worked for Plaintiff).

The only basis for asserting jurisdiction over Defendants and laying venue in Washington arises from a purported forum selection clause contained within the Contracts.  However, as will be explained below, these forum selection clauses are unenforceable as a matter of law.  Applying federal law, the purported forum selection clauses are unenforceable because they are overreaching, deprive Defendants their day in court, and offend public policy.  Further, the forum selection clauses are subject to heightened scrutiny because they arise in the context of Defendants' employment contracts.  Thus, the clauses are also unenforceable because there is a disparity of power between the parties, there is a disproportionate financial burden, and the Defendants are suffering great hardship by having to litigate in this forum. Absent a valid forum selection clause establishing consent to personal jurisdiction in this forum, there is no personal jurisdiction over these Defendants. Accordingly, Defendants respectfully request that this Court hold the inappropriate forum selection clauses are invalid and dismiss this action against Defendants for want of personal jurisdiction.

Page 1

MOTION TO DISMISS

**Howard & Howard Attorneys, PLLC**
450 West Fourth Street, (248) 645-1483

Finally, even assuming *arguendo* that the forum selection clauses were valid, which they are not, this Court can nevertheless dismiss this case on grounds of *forum non conveniens*. As detailed below, virtually every factor relevant to a *forum non conveniens* analysis weighs in favor of dismissal, and because the forum selection clauses are "permissive" rather than "mandatory," they are to be given no weight in the analysis. Accordingly, Defendants respectfully request that this Court dismiss this case because there exists a much more appropriate forum to litigate this case: the Ukraine.

For these reasons, detailed below, Defendants respectfully request that this Court grant their Motion to Dismiss, enter the attached Proposed Order, and dismiss this case in its entirety.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS BECAUSE THE FORUM SELECTION CLAUSES IN THEIR INDEPENDENT CONTRACTOR AGREEMENTS ARE UNENFORCEABLE

### A. Brief Recitation of Relevant Facts

Defendants worked for Plaintiff exclusively from Plaintiff's offices in Kyiv, Ukraine. **Ex. A**, p. 1, at ¶ 2 (Martyshenko Decl.); **Ex. B**, p. 1, at ¶ 2 (Parkhomenko Decl.); **Ex. C**, p. 1, at ¶ 2 (Temnikov Decl.); **Ex. D**, p. 1, at ¶ 2 (Marchuk Decl.). Each of the Defendants signed an "Independent Contractor Agreement" and "Non-Disclosure Agreement" (the "Contracts"). *See* **Exs. A–D**; *see also* ECF Nos. 1-3 at PageID.18–58. Despite being titled as an "Independent Contractor Agreement," Plaintiff always maintained strict control and supervision of Defendants' day-to-day activities, so the relationship was more akin to a traditional employment arrangement. **Ex. A**, p. 2, at ¶ 6; **Ex. B**, p. 2, at ¶ 6; **Ex. C**, p. 2, at ¶ 6; **Ex. D**, p. 2, at ¶ 5.

Defendants were initially presented Contracts in the English language, despite their limited understanding of English, and they were only later translated in Ukrainian. **Ex. A**, p. 1, at ¶ 3; **Ex.**

Page 2

**B**, p. 2, at ¶ 3; **Ex. C**, p. 2, at ¶ 3; **Ex. D**, p. 2, at ¶ 3.  Defendants felt coerced into signing the Contracts, as Plaintiff threatened to terminate their employment if they refused to sign. **Ex. A**, p. 1, at ¶ 3; **Ex. B**, p. 2, at ¶ 3; **Ex. C**, p. 2, at ¶ 3; **Ex. D**, p. 2, at ¶ 3.  Defendants relied on their continued employment in order to provide for their families. *See* **Exs. A–D**.  The Contracts provide that the Defendants agree to personal jurisdiction for any disputes in the State of Washington. ECF No. 1-3 at PageID.18–58.  Most Defendants have never visited the State of Washington for any reason. **Ex. A**, p. 2, at ¶ 7; **Ex. C**, p. 2, at ¶ 8; **Ex. D**, p. 2, at ¶ 8.  The Defendants are all individuals with limited means, living in the Ukraine (and they worked for the Plaintiff, a Ukrainian entity, exclusively from Ukraine and nowhere else). *See* **Exs. A–D**.

### B.    Applicable Law

Forum selection clauses are presumptively valid. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).  They can be used to show a defendant consented to venue and personal jurisdiction.  However, a forum selection clause may be deemed unenforceable if (1) the agreement was the product of fraud or overreaching; (2) the clause would effectively deprive a defendant his day in court; or (3) enforcement would contravene a strong public policy of the forum in which suit is brought. *Id.* at 1140 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–18; 92 S. Ct. 1907; 32 L. Ed. 2d 513 (1972)).

Moreover, under Ninth Circuit law, there exists several additional considerations that can serve to invalidate a forum selection clause in the context of an employment contract. *Id.* (citing *Spralin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 868 (9th Cir. 1991)) (stating that a forum selection clause in an employment contract can unenforceable when considering power

1
2
differentials, education, business expertise, financial ability to bear the costs of litigation, and general inconvenience).

3
4
**C.      The Forum Selection Clauses are Unenforceable, and, therefore, This Court Lacks Personal Jurisdiction Over Defendants**

5
6
7
8
9
The purported forum selection clauses contained in the Defendants' contracts with Plaintiff are unenforceable under federal law.   This is because the forum selection clauses are: (1) overreaching, (2) effectively deprive the defendants their day in court, and (3) offends this forum's public policy. *See Murphy*, 362 F.3d at 1140.

10
**1.      The forum selection clauses in the parties' Contracts are overreaching**

11
12
13
14
15
16
17
18
19
20
21
*First*, the forum selection clause in the parties' Contracts is overreaching.  Defendants are individuals who worked for Plaintiff exclusively in the Ukraine. *See* **Exs. A–D**.  Defendants were financially dependent on their employment with Plaintiff and were told that if they did not sign the Contracts, they would be terminated.[1][2] **Exs. A–D**.  What's more, the contract provision requiring disputes to be litigated in the State of Washington is overreaching because it requires individuals to litigate in a foreign forum that has absolutely no ties to the contract or the parties.  Indeed, Plaintiff itself does not reside in Washington; so, there is nothing whatsoever connecting this forum to either of the parties—or the subject matter of this dispute.  The forum selection clause in the parties' Contracts should, therefore, be deemed unenforceable as overreaching under federal law.

22
23
24
25
26
[1] Plaintiff's label and classification of Defendants as "independent contractors" is not dispositive of the issue.  Defendants would likely be considered employees under certain United States laws because Plaintiff exercised strict oversight and control over the day-to-day activities of Defendants in the course of their employment for Plaintiff. *See* **Exs. A–D**. Also, Plaintiff made many promises to Defendants regarding certain employee-type benefits and pay structures, which it never fulfilled. *See id.*

27
[2] Notably, Defendants were initially presented with an English-only version of the contract, to which most of them cannot read or understand. *See* **Exs. A–D**.

28

MOTION TO DISMISS

**Howard & Howard Attorneys, PLLC**
450 West Fourth Street, (248) 645-1483

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 2.    The forum selection clauses deprive Defendants their day in court

*Second*, the forum selection clauses have the practical effect of depriving Defendants their day in court.  As the sworn declarations accompanying this Motion establish, Defendants are individuals of limited means and cannot afford to continue litigating this dispute in the United States. **Exs. A–D**.  Defendants live in modest apartments with their families and will suffer very harsh financial distress if forced to continue defending this lawsuit in the United States.[3]   In contrast, Plaintiff is a multinational company that will have no additional expenses litigating in Kyiv.  Indeed, Plaintiff holds offices in Kyiv, which is where Defendants worked for Plaintiff.  And Plaintiff's primary witness, its principal Yury Strachuk, is from the Ukraine.

A point of emphasis here is that the costs and burden of litigating this case in Washington would be insurmountable for Defendants.  For example, Defendants' counsel (and the Court) would constantly require translators, which cost extra money.  Witnesses would need to be somehow tracked down and identified in the Ukraine, which would consume billable hours and cost money.  Subpoenas would have to be served and enforced in accordance with foreign laws, incurring additional fees for legal research and compliance.  And, virtually every deposition would require a translator—and likely span several days given the time difference in Ukraine, which, again costs extra time and money.  Put simply, discovery issues alone would likely drain all Defendants' resources; rendering them unable to defend themselves.  Defendants pooled their

---

[3] Defendants would be remiss if they failed to point out that Plaintiff's principal, Yury Strachuk, in comparison—who made false promises of employment benefits, executed coercive contracts with Defendants, and dragged these individuals into the State of Washington for the sole purpose of causing them financial distress—lives in a mansion worth approximately $1,700,000.  This stark disparity cannot be ignored—Plaintiff has the financial wherewithal to bankrupt the Defendants and ruin their ability to provide for their families, simply by forcing them to defend this lawsuit in this forum.  This effectively deprives Defendants from defending themselves.

Page 5

MOTION TO DISMISS

**Howard & Howard Attorneys, PLLC**
450 West Fourth Street, (248) 645-1483

resources just to file these responsive pleadings, and they are currently sharing the costs of this litigation to manage the financial burden.  Accordingly, the forum selection clauses in the parties' Contracts are unenforceable because they effectively deprive Defendants of their day in court.

### 3. The forum selection clauses violate public policy

*Third*, the forum selection clauses violate public policy.  Although each state has an interest in enforcing its own laws to protect its citizens, none of the parties here reside in Washington; and the State has absolutely no connection to the parties or subject matter at issue in this case.  Indeed, Washington seems to have been arbitrarily selected as a forum—which results in a detrimental drain on State judicial resources with no counter-balancing benefit realized by the State. Washington has no interest in or contact with this controversy, other than the forum selection clauses arbitrarily chosen by Plaintiff, in what can only be described as a deliberate effort to deprive Defendants of their ability to meaningfully defend the case.  So, it offends the forum's public policy to allow this dispute to be a drain on its judicial resources.  Because the forum selection clause violates Washington public policy, it should be rendered unenforceable.

### 4. The forum selection clauses, which are contained in employment agreements, do not meet the heightened scrutiny given to forum selection clauses contained in employment contracts

Moreover, as stated above, Ninth Circuit law mandates that this Court consider additional factors because the contracts are contracts for employment. *Murphy*, 362 F.3d at 1140. (citing *Spralin*, 926 F.2d at 868).  This Court can weigh factors such as (1) power differentials, (2) education, (3) business expertise, (4) financial ability to bear the costs of litigation, and (5) general inconvenience, and exercise its judicial discretion to determine that the forum selection clause is unenforceable.

---

Here, the above factors weigh decisively in favor of invalidating the forum selection clauses.  *First*, there is an evident power differential here.  Plaintiff is a large multi-national company and Defendants are individuals who needed the employment that Plaintiff had already been providing. *See* **Exs. A–D**.

*Second*, the "education" factor is relevant here because Plaintiff initially presented Defendants with an English-only version of the contract—which they were unable to read or understand because they do not understand English legal terminology.  Thereafter, while relying on Plaintiff's employment, Defendants were provided with a translated version of the contract. *Id.* None of the Defendants were provided with an opportunity to discuss the contract with legal counsel. *Id.*

*Third*, Plaintiff had superior "business expertise" because it had its lawyers draft and execute the contracts; whereas Defendants were individuals merely working at the behest of Plaintiff in the Ukraine.

*Fourth*, as stated above, Defendants' ability to bear the costs of this litigation are extremely inferior to Plaintiff's—Plaintiff is a large company with a wealthy owner, whereas Defendants are individuals of modest means being forced to litigate in a foreign jurisdiction as the result of a take-it-or-leave-it employment contract.

*Fifth*, the general inconvenience caused to the Court, counsel, and the parties is readily apparent.  Plaintiff is clearly suing in Washington for the sole purpose of placing an unwieldy financial burden on the individual Defendants to make it impossible for them to actually defend the case.  Ukraine is a more convenient forum: the parties and witnesses speak Ukrainian,

MOTION TO DISMISS

**Howard & Howard Attorneys, PLLC**
450 West Fourth Street, (248) 645-1483

discovery processes will be familiar and promptly resolved, and, among other things, the contracts were executed in Ukraine, and affect its citizens.

After weighing all the above factors, it becomes clear that this Court should determine that the forum selection clauses are invalid and unenforceable.  In sum, the forum selection clauses contained within the Contracts must be invalidated because: they are overreaching; they effectively deprive Defendants their day in court; they offend public policy; they were executed under circumstances evidencing disproportionate bargaining power; they place an undue financial burden on Defendants, and; the forum bears no relation to the dispute or parties.  Taken together, Ninth Circuit law mandates that the forum selection clauses be rendered unenforceable.

Consequently, absent the ability to enforce the unreasonable forum selection clauses, which contains the pertinent jurisdictional consent provision, Plaintiff cannot establish personal jurisdiction here.[4]  The Defendants have no contacts with the State of Washington related to this lawsuit; in fact, most Defendants have never traveled to the State at all.  And, for the reasons stated above, exercising jurisdiction over these Defendants offends traditional notions of fair play and substantial justice. Because the forum selection clause is unenforceable, and Defendants have not otherwise availed themselves in Washington, Defendants must be dismissed from this case.

---

[4] "For personal jurisdiction to comply with due process, three elements must be met: (1) purposeful minimum contacts must exist between the defendant and the forum state, (2) the plaintiff's injuries must arise out of or relate to those minimum contacts, and (3) the exercise of jurisdiction must be reasonable, that is, consistent with notions of fair play and substantial justice." *State v. LG Elecs., Inc.*, 186 Wn.2d 169, 177 (2016) (quoting *Grange Ins. Ass'n v. State*, 110 Wn.2d 752, 758 (1988)). As can be gleaned by the supporting declarations, none of the Defendants have sufficient minimum contacts with the State of Washington that would support jurisdiction here.

Page 8

MOTION TO DISMISS

**Howard & Howard Attorneys, PLLC**
450 West Fourth Street, (248) 645-1483

1

2

**III.    EVEN IF THE FORUM SELECTION CLAUSE WAS VALID, WHICH IT IS NOT, THIS CASE SHOULD BE DISMISSED BECAUSE THERE EXISTS A MUCH MORE APPROPRIATE JUDICIAL FORUM**

3

**A.    Applicable Law**

4

A motion to dismiss for *forum non conveniens* relies on an exercise of judicial discretion;

5

6

when a party can show that litigating a case in a foreign forum would be more convenient to the

7

parties, the case should be dismissed. *Dole Food Co. Inc. v. Watts*, 303 F.3d 1104, 1118 (9th Cir.

8

2002); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001).

9

After identifying an adequate alternative forum, courts consider whether the balance of

10

public and private factors favor dismissal. *Dole*, 303 F.3d at 1118.  When considering the parties'

11

12

private interests, the court examines (1) the residence of the parties and witnesses; (2) the forum's

13

convenience to the litigants; (3) access to physical evidence; (4) whether unwilling witnesses can

14

be compelled to testify; (5) the costs of bringing witnesses to trial; (6) the enforceability of the

15

judgment; and (7) any other practical problems "that make trail of a case easy, expeditious and

16

inexpensive." *Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG*, No. 2:13-CV-02311-

17

RSM, 2014 WL 7338739 at *7 (W.D. Wash. Dec. 19, 2014), *aff'd*, 696 F. App'x 837 (9th Cir.

18

19

2017) (quoting *Boston Telecomms. Grp. Inc. v. Wood*, 588 F.3d 1201, 1206–1207 (9th Cir. 2009)).

20

When considering the public interest factors, courts evaluate (1) the local interest in the lawsuit,

21

(2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4)

22

congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum. *Id.*

23

24

(quoting *Boston Telecomms.*, 588 F.3d at 1211).

25

Even in the face of a valid forum selection clause, a motion to dismiss for *forum non*

26

*conveniens* may be granted.  In this context, the language of the forum selection clause becomes

27

28

MOTION TO DISMISS

**Howard & Howard Attorneys, PLLC**
450 West Fourth Street, (248) 645-1483

relevant.  Pertinent here, when a forum selection clause is "permissive," courts do not give it any weight—and apply a traditional *forum non conveniens* balancing test. *See, e.g.*, *Lavera Skin Care N. Am., Inc. v. Laverana GmbH & Co. KG*, 2014 WL 7338739, at *5 (W.D. Wash. Dec. 19, 2014), *aff'd*, 696 F. App'x 837 (9th Cir. 2017) (refusing to give weight to a forum selection clause that was non-exclusive and applying a traditional *forum non conveniens* analysis); *Fin. Cas. & Sur., Inc. v. Parker*, No. CIV.A. H-14-0360, 2014 WL 2515136 at *3 (S.D. Tex. June 4, 2014) (noting courts have "consistently declined" to rely on a permissive forum selection clause); *Networld Commc'ns, Corp. v. Croatia Airlines, D.D.*, No. CIV.A. 13-4770 SDW, 2014 WL 4724625 at * 2 (D.N.J. Sept. 23, 2014) (applying the tradition *forum non conveniens* test because the forum selection clause was non-exclusive); *RELCO Locomotives, Inc. v. AllRail, Inc.*, 2014 WL 1047153, at * 8 (S.D.Iowa 2014) (same); *Residential Fin. Corp. v. Jacobs*, 2014 WL 1233089, at *3 (S.D.Ohio 2014) (same); *see also Taylor v. Goodwin & Assocs. Hosp. Servs., LLC*, No. C14-5098 KLS, 2014 WL 3965012 (W.D. Wash. Aug. 13, 2014) (applying *Atlantic Marine* only upon determining the forum selection clause to be mandatory); *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1029–30 (11th Cir. 2014) (remanding for determination of whether the contract "contains a mandatory forum-selection clause").

**B.    This Case Should Be Dismissed Because It Belongs in Kyiv, Ukraine**

Here, even assuming *arguendo* that the forum selection clauses in Defendants' Contracts are valid and enforceable, this Court can, and should, nevertheless dismiss this case.

At the outset, the contract provisions at issue here constitute a "permissible" forum selection clause.  Indeed, the relevant portion states: "the Company **reserves the right** to litigate under this Agreement in **either** Clark County, Washington USA **or Kiev, Ukraine**, at Company's

MOTION TO DISMISS

**Howard & Howard Attorneys, PLLC**
450 West Fourth Street, (248) 645-1483

election."[5]  *See* **Ex. E** (Independent Contractor Agreement); **Ex. F** (Confidentiality, Non-Compete and Non-Solicitation Agreement).  This unambiguously means that jurisdiction is not "mandatory" in Washington; because jurisdiction is also appropriate in Kyiv, Ukraine.  Because Defendants' contention is that Kyiv, specifically, is a much more convenient forum—and Kyiv is a permissible forum under the forum selection clause—the law calls for a traditional analysis of *forum non conveniens*, with no weight given to the forum selection clause. *See Lavera Skin Care*, *supra*, 2014 WL 7338739, at *5; *Parker*, *supra*, 2014 WL 2515136, at *3; *Networld Comms.*, *supra*, 2014 WL 4724625, at * 2;  *RELCO Locomotives*, *supra*, 2014 WL 1047153, at * 8; *Jacobs*, *supra*, 2014 WL 1233089, at *3.

As stated above, the tradition *forum non conveniens* analysis weighs both private and public interests. *Lavera Skin Care*, *supra*, 2014 WL 7338739, at *5.  Under this analysis, detailed below, the inescapable conclusion is that this case must be dismissed.

### 1.     The private interest factors weigh in favor of dismissal

As stated above, the private interest factors informing a *forum non conveniens* analysis are (1) the residence of the parties and witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence; (4) whether unwilling witnesses can be compelled to testify; (5) the costs of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) any other practical problems "that make trail of a case easy, expeditious and inexpensive." *Lavera Skin Care*, *supra*, 2014 WL 7338739 at *7.

Here, all the private interest factors weigh in favor of Defendants and for transfer to Kyiv, Ukraine.  *First*, the residence of the parties and witnesses are in Kyiv, Ukraine.  Plaintiff has offices

---

[5] (emphasis added).  Note, "Kiev" is an alternative spelling for "Kyiv."  The two are interchangeable.

there, Defendants live there, all relevant transactions took place in Kyiv, and the parties and witnesses all speak Ukrainian.  Moreover, that is where Defendants worked for Plaintiff.

*Second*, Kyiv is a much more convenient forum for Defendants and the pertinent witnesses. There is simply no relation to Washington.

*Third*, there is a greater access to physical evidence in the Ukraine.  For instance, Plaintiff's allegations involve issues relating to computer software and programing, which means that hard drives will likely need to be physically examined in the Ukraine.  All the relevant hard drives are in the Ukraine.  And Defendants' work for Plaintiff, as explained, occurred in the Ukraine.

*Fourth*, there is simply no process to compel unwilling witnesses from the Ukraine to testify in the United States.  And the costs and burden associated with serving, compelling, and enforcing U.S. judicial processes in Ukraine are far too great to even obtain testimony and evidence from willing participants in the Ukraine.

*Fifth*, the costs of bringing a witness to trial would be much greater if the case remained in Washington (if that is even possible, given the current coronavirus pandemic).  Travel costs and interpreter costs obviously increase the expense and burden of calling on trial witnesses.  And, as explained, willing witnesses will likely not be willing to travel to the United States.

*Sixth*, assuming *arguendo* that Plaintiff's claims have merit (they do not), the enforceability of a judgment would be jeopardized, as the judgment would have to be domesticated in the Ukraine.[6]

---

[6] Defendants are unaware if domesticating a U.S. judgment in the Ukraine is even possible or what the process for doing so would even look like.

Page 12

MOTION TO DISMISS

**Howard & Howard Attorneys, PLLC**
450 West Fourth Street, (248) 645-1483

Taken together, the only way to ensure that a trial is "easy, expeditious and inexpensive," is to dismiss this action, allowing Plaintiff to refile its vexatious claims in the Ukraine.

### 2.    The public interest factors weigh in favor of dismissal

The public interest factors also weigh in favor of Defendants. The public interest factors to be considered are: (1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum. *Id.* (quoting *Boston Telecomms.*, 588 F.3d at 1211).

Here, all the applicable factors weigh heavily in favor of Defendants.  *First*, there is no local interest in the lawsuit.  As discussed above, Washington appears to have been arbitrarily selected as a forum.  None of the parties reside in Washington, nor was Washington otherwise connected to the transactions between the parties.  Defendants worked exclusively in the Ukraine.

*Second*, the burden on the Court and any potential jury would be significant, as there is a language barrier here regarding the Defendants and witnesses (and likely, many of the documents will be written in Ukrainian).  The language barriers and coordination of extraterritorial witnesses only would greatly multiply the necessary judicial resources needed to bring this case to trial.

*Third*, the congestion of the Court is greater than it has ever been due to the current coronavirus pandemic.  The Courts in the Ukraine are better suited to deal with this lawsuit given the international implications, and it would ease this Court's burdensome docket.

*Fourth*, as discussed above, there are significant costs involved here that a Washington Court should not have to shoulder when it has no connection to the parties, no connection to the relevant transactions, and no interest in the outcome of this case.

Page 13

Taken together, the relevant factors weigh heavily in favor of dismissal.  This case is meritless and should not have been filed at all.  But, assuming *arguendo* Plaintiff's claims had any merit, the proper forum to assert them is Kyiv, Ukraine.  Litigating in Washington serves only one purpose—to burden and harass Defendants and prevent them from meaningfully defending.

## IV.   <u>CONCLUSION</u>

It would be unjust and unfair to force Defendants to litigate in the State of Washington. Defendants are individuals with limited means, who had to pool their resources to afford the responsive pleadings filed thus far.  Plaintiff, on the other hand, is a large multi-national company who sued in this jurisdiction because it knew that Defendants would struggle to defend themselves in the United States, making it effectively impossible.  Plaintiff could have just as easily sued in the Ukraine; where it has offices.  Indeed, as stated above, Ukraine is a much more convenient forum.

It is unlikely that Defendants will be able to continue to afford the costs of litigation in the United States, which essentially deprives them of their access to justice.

Accordingly, in the interests of justice, fairness, and convenience, the Court should GRANT Defendants' Motion to Dismiss.  Plaintiff can refile its meritless claims where they belong: in Kyiv, Ukraine.

Page 14

Respectfully submitted,

**MADE LAW, PLLC**

Dated: <u>December 11, 2020</u>          By: /s/ Kristina D. Maritczak
       Kristina D. Maritczak (WA Bar No. 37754)
     2310 A Street
     Tacoma, Washington 98402-2912
     Phone: (253) 212-1917
     Email: Kristina@Made-Law.com

     ***Co-Counsel for Defendants***

     **HOWARD & HOWARD ATTORNEYS PLLC**

Dated: <u>December 11, 2020</u>          By: /s/ Jon R. Steiger
       Jon R. Steiger (MI Bar No. P35505, CA Bar No. 229814)
     450 West Fourth Street
     Royal Oak, Michigan 48067-2557
     Phone: (248) 645-1483 | Fax: (248) 645-1568
     Email: JRS@H2Law.com

     ***Attorneys for Defendants***