UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AUTOBIDMASTER LLC,

Plaintiff,

v.

ANTON MARTYSHENKO, et al.,

Defendants.

CASE NO. C20-6181 BHS

ORDER

THIS MATTER is before the Court on Defendants Aleksandr Temnikov, Denys Parkhomenko, Sergii Marchuk, and Anton Martyshenko's motion to dismiss for lack of personal jurisdiction and for *forum non conveniens,* Dkt. 6, and on Plaintiff Autobidmaster LLC's motion to remand, Dkt. 13.

Autobidmaster is a Portland, Oregon entity selling used and salvaged vehicles through online auctions, in the United States and internationally. Dkt. 1-2 at 1 (Complaint). Defendants are Ukrainian citizens who formerly worked as independent contractors for Autobidmaster in Kiev, Ukraine. *Id.* at 2. The relationship was governed by two contracts, each drafted by Autobidmaster. They included slightly different forum selection clauses, though each contemplated three different forums. The Independent

Contractor Agreement's ("ICA") forum selection clause provided for jurisdiction and venue in state or federal courts "in and for" Clark County, Washington or in Kiev Ukraine:

> **<u>Jurisdiction; Venue; No Jury Trial.</u>** The parties hereby agree that [Defendants] ha[ve] minimum contacts sufficient to subject [Defendants] to personal jurisdiction in the State of Washington. As such, the parties agree that any and all claims arising from or in connection with this Agreement ***must be brought in either the state or federal courts in and for Clark County, Washington***, and the parties hereby expressly waive any venue privileges which may be asserted in connection with this Agreement, except that Company reserves the right to litigate under this Agreement in ***either Clark County, Washington USA or Kiev, Ukraine***, at Company's election. In any proceeding arising out of this Agreement, the prevailing party shall be entitled to recover reasonable attorney fees and costs, including those incurred on appeal, including an allowance of Three Hundred Dollars ($300) per hours for the use of in-house counsel. IN ANY LAWSUIT BROUGHT BY OR AGAINST INDEPENDENT CONTRACTOR IN CONNECTION WITH THIS AGREEMENT, INDEPENDENT CONTRACTOR WAIVES THE RIGHT TO A JURY TRIAL

Dkt. 1-3 at 28 (ICA) (bolded emphasis added). The "Confidentiality, Non-Compete and Non-Solicitation Agreement" ("NCA"), which Autobidmaster claims Defendants breached, expressly contemplates litigation in the federal court "serving Clark County":

> **<u>Jurisdiction; Venue; No Jury Trial.</u>** This Agreement shall be deemed to have been made in the State of Washington. This Agreement shall be governed by the laws of the State of Washington, and all actions brought hereunder whether at law or in equity ***shall be brought in the state or federal courts serving Clark County, Washington*** except that Company reserves the right to litigate under this Agreement ***in either Clark County, Washington, USA or Kiev, Ukraine***, at Company's election. IN ANY LAWSUIT BROUGHT BY OR AGAINST INDEPENDENT CONTRACTOR IN CONNECTION WITH THIS AGREEMENT, INDEPENDENT CONTRACTOR WAIVES THE RIGHT TO A JURY TRIAL.

*Id.* at 55 (bolded emphasis added). Autobidmaster alleges Defendants breached these agreements by appropriating Autobidmaster's protected business information and systems to compete with it in Ukraine. *See* Dkt. 1-2 at 2–6. It sued Defendants in Clark County Superior Court. Dkt. 1-2. Defendants timely removed the case here, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C § 1332. Dkt. 1 (Notice of Removal).

Autobidmaster now moves to remand to Clark County Superior Court. Dkt. 13. It concedes the Court has diversity jurisdiction but argues that the Court should use its inherent authority to remand because the forum selection clauses require this dispute to be heard in Clark County Superior Court. *Id.* at 5.

Defendants move to dismiss for lack of personal jurisdiction and *forum non conveniens*. Dkt. 6 (Motion to Dismiss). They argue that the forum selection clauses (and the contracts containing them) are unenforceable and that this Court lacks personal jurisdiction over them. *Id.* Even if the forum selection clauses are enforceable, they argue this is not the appropriate forum for this case. *Id.* They live and worked for Autobidmaster in Ukraine, Autobidmaster does business there, the contracts were formed and allegedly breached there, all the witnesses and evidence are there, and the forum selection clauses expressly identify Ukraine as an appropriate forum. *Id.* Washington, on the other hand, has no connection to the parties or their dispute.

For the following reasons, Autobidmaster's motion to remand is **DENIED,** and Defendants' motion to dismiss for *forum non conveniens* is **GRANTED**. Defendants' motion to dismiss lack of personal jurisdiction is **DENIED** as moot.

## I. DISCUSSION

### A. Plaintiff's Motion to Remand is DENIED.

Autobidmaster concedes that the Court has diversity jurisdiction over the case but asks the Court to enforce what it claims are binding forum selection clauses requiring litigation in Clark County Superior Court.

"Even if a Court has subject matter jurisdiction over a suit that has been removed, a suit may be remanded based on a forum selection clause." *Bastami v. Semiconductor Components Indus., LLC*, No. 17-CV-00407-LHK, 2017 WL 1354148, at *2 (N.D. Cal. Apr. 13, 2017) (citing *Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir. 2009) ("[A] forum selection clause is similar to other grounds for not exercising jurisdiction over a case, such as abstention in favor of state court jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971), and related abstention cases, or a refusal to exercise supplemental jurisdiction and a resulting remand to state court under 28 U.S.C. § 1367(c)[.]")). "A court has inherent authority to remand an action to state court to enforce a forum selection clause." *QSR Mgmt., Inc. v. Dunkin Brands, Inc.*, No. EDCV 08–0003–VAP (OPx), 2008 WL 2856456, at *1 (C.D. Cal. Mar. 23, 2008).

Autobidmaster argues that Clark County Superior Court is the exclusive forum because the forum selection clauses require litigation in a court *physically located* within Clark County, and no federal court is physically located there. Dkt. 27 at 2 (citing *City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1308 (9th Cir. 2019)). It also argues that litigation must occur in Clark County because it has the exclusive right under the forum selection clauses to elect to litigate "in either Clark County, Washington, USA or Kiev,

Ukraine." Dkt. 13 at 5. Autobidmaster contends that even if Clark County Superior Court is not the exclusive forum, removal was improper because Defendants contractually waived the right of removal, by "waiving venue privileges." *Id.* at 6. Defendants respond that the forum selection clauses expressly permit litigation in *either* federal or state courts *serving* or *for* Clark County.[1] Dkt. 27 at 5.

Forum selection clauses may be either permissive or mandatory, but only the latter category will be enforced. *See Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989). To be mandatory, a forum selection clause must contain mandatory language that specifies a venue or clearly designates a forum as the exclusive one. *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) (concluding that a forum selection clause stating that "the decision of a permanent arbitrator shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco" did not designate the court as the exclusive forum, and therefore did not preclude removal); *see also Docksider*, 875 F.2d at 764 (holding that the following forum selection clause clearly designated state court as the exclusive forum: "[Docksider] hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia.").

[1] Defendants also argue their agreements with Autobidmaster are illegal and void. Dkt 26 at 6. They allege that the contracts were executed partly for the illegal purpose of furthering Autobidmaster's tax evasion scheme. *Id.* at 7. The Court cannot resolve and need not address this contention.

Here, both forum selection clauses use the mandatory language “must be brought” but reference three different forums: state court and federal court “in and for” (or “serving”) Clark County or Kiev, Ukraine. The question is whether the forum selection clauses designate Clark County Superior Court as the exclusive forum, thus preventing removal.

Autobidmaster’s reliance on *CH2M Hill* in support of its argument that the forum selection clauses prohibit federal litigation when no federal courthouse sits in the selected county is unpersuasive. Dkt. 27 at 6-7 (forum selection clause requiring “[v]enue for litigation shall be *in* Linn County, Oregon” precludes litigation in federal court because there is no federal courthouse located *in* Linn County. (emphasis added)).

First, notwithstanding Autobidmaster’s contention, Vancouver, Clark County, Washington is a designated location for a district court of the Western District of Washington. *See* 28 U.S.C. § 128(b) (“Court for the Western District of Washington shall be held at Bellingham, Seattle, Tacoma, and Vancouver.”). Although the Vancouver courthouse has practical limitations, “the Court is unaware of any exception to federal jurisdiction based on the practical limitations of the building located in a specifically identified city.” *Inst. of Inspection, Cleaning & Restoration Certification v. Textile Consultants, Inc.*, No. C13-5695 BHS, 2013 WL 12191396, at *1 (W.D. Wash. Oct. 28, 2013) (holding that remand from the Western District of Washington Tacoma Division was not required where the forum selection clause states: “Venue for any action under this Agreement shall be in Clark County, Washington, U.S.A.”); *see also* Local Rules W.D. Wash. LCR 3(e)(1) (“In all civil cases in which . . . the claim arose in the counties

of Clallam, *Clark*, Cowlitz, Grays Harbor, Jefferson, Kitsap, Lewis, Mason, Pacific, Pierce, Skamania, Thurston, and Wahkiakum, the case will usually be assigned to a judge in Tacoma." (emphasis added)).

Furthermore, unlike the clause in *CH2M Hill*, the NCA's forum selection clause does not use the term "in" to geographically limit venue. Rather, it limits venue to "either federal or state courts *serving* Clark County[.]" Dkt. 1-3 at 55. (emphasis added). The federal District Court in Tacoma serves Clark County.[2]

Autobidmaster concedes "it is clear that pursuant to the parties' contractual agreements [this dispute] must be tried in the federal court that serves Clark County, which is this Court." Dkt. 22 at 8 (citing Western District of Washington website). Autobidmaster's reliance on *CH2M Hill* does not support its assertion that Clark County Superior Court the exclusive forum. The NCA's forum selection clause expressly permits litigation in this forum and a federal courthouse exists *in* Clark County.

Autobidmaster's interpretation of the forum selection clauses and its claimed exclusive right to elect to litigate in Clark County is also precluded by the rules of contract interpretation. Autobidmaster drafted both agreements. Any ambiguities in the forum selection must be construed against the drafter. *Hunt. Wesson Foods, Inc. v. Supreme Oil, Co.*, 817 F.2d 75, 78 (9th Cir. 1987). Courts "presum[e] that every provision was intended to accomplish some purpose, and that none are deemed

[2] "The Western District comprises the counties of Clallam, *Clark*, Cowlitz, Grays Harbor, Island, Jefferson, King, Kitsap, Lewis, Mason, Pacific, Pierce, San Juan, Skagit, Skamania, Snohomish, Thurston, Wahkiakum, and Whatcom." 28 U.S.C. § 128(b) (emphasis added).

superfluous." *Chaly–Garcia v. United States*, 508 F.3d 1201, 1204 (9th Cir. 2007) (alteration in original) (quoting *Harris v. Epoch Grp., L.C.*, 357 F.3d 822, 825 (8th Cir. 2004)). Autobidmaster's position that this Court is not a proper forum because it is not physically in Clark renders the forum selection clauses' reference to federal courts a nullity and should be rejected. *See HMS Cornerstone Sols., Inc. v. Signorelli Co.*, No. 2:16-CV-02986-KJM-AC, 2017 WL 3433203, at *2 (E.D. Cal. Aug. 10, 2017). The forum selection clauses' plain language clearly states that "*either* the state *or federal courts*" are appropriate forums. Dkt. 1-3 at 28 (emphasis added). The clauses' use of the terms "either" and "or" does not confer exclusive jurisdiction to a designated state court. The clauses' use of the plural "courts" indicates that Defendants did not submit to the exclusive jurisdiction of Clark County Superior Court. *See Bastami*, 2017 WL 1354148, at *5–7 (remanding action based on forum selection clause providing that "each party. . . irrevocably submits to the exclusive jurisdiction and venue of any such court in any such suit, action, or proceeding" because "[t]he use of the singular 'court' rather than the plural 'courts' indicates that Defendant only has submitted to the exclusive jurisdiction and venue of a single court in any such suit."). The forum selection clauses Autobidmaster drafted are at least ambiguous and must be construed against it.

Finally, Defendants did not waive their right to remove. Autobidmaster argues that removal was improper because Defendants contractually waived "any *venue privileges* which may be asserted[.]" Dkt. 13 at 6.[3] The right to remove may be waived if the waiver

[3] The alleged waiver is included only in the ICA's forum selection clause; the NCA's forum selection clause does not include a similar provision.

is clear and unequivocal. *See Llera v. Tech Mahindra (Americas) Inc.*, No. C19-0445-RSL, 2019 WL 3423489, at *1 (W.D. Wash. July 30, 2019) (citing *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018)); *Bastami*, 2017 WL 1354148, at *4–5. However, the term "venue privileges" does not constitute a clear and unequivocal waiver of the right to removal. The term "venue privileges" is broad, unspecific, and unclear in the context of the contract, particularly where it is contained in only one of two applicable contracts. At best, it is ambiguous. "[I]t is axiomatic that ambiguities in contractual language are construed against the drafter." *Consul, Ltd. v. Solide Enters., Inc.*, 802 F.2d 1143, 1149 (9th Cir. 1986).

Autobidmaster has not shown that the forum selection clauses require litigation exclusively in Clark County Superior Court. Autobidmaster's motion to remand, Dkt 13, based on the forum selection clauses is therefore **DENIED**.

**B. Defendants' Motion to Dismiss for *Forum Non Conveniens* is GRANTED.**

Defendants ask the Court to dismiss this case without prejudice in favor of litigation in Kiev, Ukraine. They argue that Kiev is a more convenient and appropriate forum than Washington and that litigating in Washington serves only to burden and harass them and prevent them from meaningfully defending themselves. Dkt. 6 at 14.

Autobidmaster argues that Defendants voluntary consented in their employment agreements forum selection clauses to litigate in Washington. It contends that Defendants seek to move the litigation away from the parties' agreed-upon forum to a less convenient forum not of Autobidmaster's choosing.

"To prevail on a motion to dismiss based upon *forum non conveniens*, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). The doctrine of *forum non conveniens* allows a court to dismiss a case outright when a foreign or state forum would be substantially more convenient. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013). However, *forum non conveniens* is an "exceptional tool to be employed sparingly." *Bos. Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002)). The decision to dismiss based on *forum non conveniens* is addressed to the Court's discretion. *Carijano*, 643 F.3d at 1224.

**1. Adequate Alternative Forum**

"The first requirement for a *forum non conveniens* dismissal is that an adequate alternative forum is available to the plaintiff." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). An alternative forum is adequate if: "(1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1077 (9th Cir. 2015) (citing *Carijano*, 643 F.3d at 1225). A forum will be inadequate only where the remedy provided is "so clearly inadequate or unsatisfactory, that it is no remedy at all." *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).

Defendants claim they are amenable to process in Ukraine and that each is a citizen of Ukraine. Autobidmaster does not contest that Ukraine offers a satisfactory remedy. Rather, Autobidmaster objects to the Defendants or the Court selecting Ukraine, arguing that it has the exclusive right to elect to litigate in Kiev, Ukraine, and it has not exercised that right. Nevertheless, and again, Autobidmaster wrote the contract and evidently believed Ukraine offered an adequate remedy.[4]

**2. Public and Private Interest Factors**

The second step of the *forum non conveniens* analysis requires analyzing the private and public factors for and against dismissal. The question is "whether defendants have made a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." *Bos. Telecommunications*, 588 F.3d at 1206 (quoting *Dole Food*, 303 F.3d at 1118).

**a. Public Interest Factors**

Defendants argue that all the public interest factors weigh heavily in favor litigating this dispute in Ukraine.

The public interest factors include "(1) local interest of lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to this forum." *Id.* at 1211 (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1181 (9th Cir. 2006)).

---

[4] Indeed, Autobidmaster would presumably have to go to Kiev to enforce any money judgment it obtains against the Defendants here.

Washington has no interest in this dispute. Washington has no connection to any of the parties. None of the parties are residents of Washington. The contracts were not formed here, and the alleged breaches did not occur in Washington.[5] Washington's only connection to this dispute is its inclusion in the forum selection clause, which at best appears to have been arbitrarily selected. Autobidmaster nevertheless argues that Washington "is interested" in the dispute because its executives reside here and because it claims that Defendants also worked for one of its subsidiaries that is located here. This argument is without merit. The executives and the subsidiary are not parties to this dispute. If any state has a true interest, it is Oregon, but for reasons that are not apparent, that is not one of the potential forums Autobidmaster identified in its contracts.

On the other hand, Ukraine's interest is significant. Defendants are Ukrainian citizens. The contracts at issue were formed, performed, and allegedly breached there. Autobidmaster has offices and does business in Ukraine. Defendants claim it regularly employs Ukrainian citizens. Ukraine has an interest in its citizens and ensuring that businesses operating within its borders and employing its citizens abide by its law. This factor weighs heavily in favor of litigating in Ukraine.

If Washington law governs, as is provided for in the forum selection clause, this Court's familiarity with Washington law is the one factor tilting in favor of litigating in

---

[5] Autobidmaster concedes as much: "[defendants had] substantial and repeated access to [Autobidmaster's] intellectual property that was owned and located *in Portland*[, *Oregon*]" and Defendants "freely and voluntarily chose to engage in working as contractors who provided business services to [Autobidmaster], an entity located *in Portland*." Dkt. 13 at 9 (emphasis added).

this Court. However, the weight of this factor is mitigated by Washington's conflict of laws "most significant relationship test." If a conflict of law issue arises, it is unlikely that Washington law will govern because it has no connection to this dispute. Moreover, neither party addressed the Ukrainian courts' ability (or lack thereof) to apply Washington law. This factor tips in favor of litigating in Washington, but with minimal weight.

The burden on local courts unconnected to the case and the costs of resolving this dispute are substantial and favor dismissal. The language barrier alone may be a substantial burden. Defendants do not speak English and used translating software to communicate with their attorneys and this Court. Documentary and testimony evidence are, at least in part, in Ukrainian; especially evidence related to Defendants' alleged breach of their Non-Compete Agreements with a foreign entity. Autobidmaster has representatives who speak Ukrainian and are dual United States and Ukrainian citizens, and it does business there. Although technology may resolve some of the burden and reduce costs, Ukrainian courts can resolve this dispute with much more judicial and economic efficiency than Washington courts. This factor weighs in favor of litigating in Ukraine.

Washington courts are severely congested from the backlog of cases due to the Coronavirus pandemic. Although Autobidmaster correctly points out that Defendants offer no support for their assertion that Ukrainian courts are no less congested, the burden on this Court is too great when an alternative forum with a greater connection and interest to the dispute exists. The public interest factors weigh heavily in favor of litigating in

Ukraine. Indeed, Washington's lack of connection to or interest in the dispute, coupled with the burden the seemingly arbitrary choice to litigate here imposes on this Court, resolves the balance of the public interest factors in favor of Defendants—and in favor of dismissal.

**b. Private Interest Factors**

The private interest factors include "(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Lueck*, 236 F.3d at 1145 (internal quotations omitted).

It is true that the existence of a valid forum selection clause does away with the private interest factors, leaving the court to consider only the public interest factors. *Atl. Marine Constr*, 571 U.S. at 64. "The 'practical result' is that forum-selection clauses will almost always control 'except in unusual cases'" *Boling v. Prospect Funding Holdings, LLC*, No. 18-5599, 2019 WL 1858506, at *5 (6th Cir. Apr. 25, 2019) (quoting *Atl. Marine Constr.*, 571 U.S. at 64).

Although there is a presumption in favor of enforcing forum-selection clauses, three exceptions can make a forum-selection clause unenforceable. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (citing, *inter alia*, *Bremen v Zapata Off-Shore Co.*, 407 U.S. 1 (1972)). A forum-selection clause may be unreasonable and unenforceable (1) if the inclusion of the clause in the agreement was the product of fraud

or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought. *Id.* (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)).

Defendants credibly argue that the forum selection clauses are unenforceable under each of the three exceptions. However, the Court need not conclude that the forum selection clauses or the contracts of which they are part are illegal or the product of fraud to determine that this case is not appropriately litigated here. This is one of the "unusual cases" where the forum selection clause does not control. The public factors weigh heavily in favor of litigating in Ukraine such that the outcome of the enforceability of the forum selection clause, and related private factor analysis, will not have a determinative impact on the outcome of the *forum non conveniens* analysis.

Although Defendants have a substantial burden to persuade this Court to invoke the "exceptional tool" of *forum non conveniens*, they have done so. Ukraine is an adequate alternative forum. The public factors heavily favor litigating in Ukraine. The burdens placed on this Court to resolve a dispute that it has no connection to are substantial. This is the unique case where litigating this dispute in Washington would cause Defendants oppression and vexation well out of proportion to plaintiff's convenience. The Motion to Dismiss for forum non *conveniens* is therefore **GRANTED**.

## II. ORDER

It is hereby **ORDERED** that Plaintiff's Motion to Remand, Dkt. 13, is **DENIED**. Defendants' motion to dismiss for *forum non conveniens*, Dkt. 6, is **GRANTED,** and this case is **DISMISSED without prejudice**. Defendants' motion to dismiss for lack of personal jurisdiction is **DENIED** as moot.

The Clerk shall enter judgment and close the case.

Dated this 12th day of May, 2021.

BENJAMIN H. SETTLE
United States District Judge